UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCIS X. NEUNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV00797AGF |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant City of St. Louis ("the City") to dismiss Plaintiff Francis X. Neuner's complaint for failure to state a claim. For the reasons set forth below, the motion to dismiss shall be granted in part and denied in part.

## BACKGROUND

Plaintiff, a resident of St. Louis, Missouri, alleges that on January 24, 2010, his 1992 BMW was impounded and towed by the City. Plaintiff further alleges that following the impoundment, his efforts to obtain the vehicle were unsuccessful in that Plaintiff was advised that there was a hold on the vehicle, and that release papers had to be obtained from the St. Louis Police Department ("the Police Department"). Plaintiff claims that the Police Department was an agent of the City, and that the City was "acting pursuant to the custom, policy, practice, authority, and procedure of the Police Department" on making a final decision of whether or not to release the impounded vehicle. Elsewhere in the complaint, Plaintiff claims that the City was "acting under a custom, practice, and policy of deferring to the Police Department" by allowing the Police Department to place a "hold" on the vehicle and by

refusing to release it until the "hold" was lifted by the Police Department. Plaintiff believes that the Police Department was using the vehicle as leverage to force a person other than Plaintiff to appear at the police station. Lastly, Plaintiff states that he was not afforded a pre-deprivation hearing or a prompt post-deprivation hearing.

On March 30, 2010, Plaintiff filed this action in state court, seeking damages for an alleged constitutional violation of his rights pursuant to 42 U.S.C. § 1983. Defendant was served on April 6, 2010, and timely removed the action to this Court, under 42 U.S.C. §§ 1442(a)(1) and 1446, on April 30, 2010.

Defendant argues that the complaint should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), because Plaintiff has failed to show that an official municipal policy of the City of St. Louis resulted in a constitutional deprivation to Plaintiff. Defendant claims that pursuant to Mo.Rev.Stat. § 84.100, the Board of Police Commissioners – not the City – is the employer of police officers and is authorized to make all such rules and regulations for the police department. Since police officers are not employees of the City, Plaintiff's complaint fails to state a cause of action against the City. Defendant also asserts that Plaintiff is presently in possession of his vehicle, and therefore, that his claim is moot.

## DISCUSSION

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

Upon review of the record and relevant case law, the Court concludes that Plaintiff has set forth sufficient facts to survive a motion to dismiss with respect to some, but not all, of his claims.

In his complaint, Plaintiff alleges several different theories for liability. In portions of his complaint, Plaintiff grounds his complaint on his contention that the Police Department was acting as an agent of the City in withholding his vehicle. Under Missouri law, for an agency relationship to exist, three elements must be established: (1) an agent must hold the power to alter the legal relations between the principal and a third party; (2) an agent must be a fiduciary with respect to the matters within the scope of the agency; and (3) a principal must have the right to control the conduct of the agent with respect to matters entrusted to the agent. All three of these elements must exist for there to be a valid agency relationship. State ex rel. Ford Motor Co. v. Bacon, 63 S.W.3d 641, 642 (Mo. 2002).

Here, the City correctly states that the element of control is lacking. Mo.Rev.Stat. § 84.170(2) states that the Board of Police Commissioners ("the Board") is authorized to make all rules and regulations for the Police Department. Further, Mo.Rev.Stat. § 84.010 makes clear that the City does not have the authority to make official policy concerning the actions of the Board and "cannot, as a matter of law, be liable under section 1983 as an official policy

maker responsible for approving or condoning the actions of the police officers." Crigler v. City of St. Louis, 767 F.Supp. 197, 200 (E.D. Mo. 1991).

The City cites to Smith v. State, in which the Missouri Supreme Court recognized that the City has no right to control the Police Department, its Board, or its employees. 152 S.W.3d 275, 278 (Mo. 2005). In that case, the Court, sitting en banc, stated, "[T]he general assembly has expressly prohibited the City of St. Louis and its officials from presuming to exercise authority or control over the Board or the Police Department." Id. The Board is answerable to the State, not the City. Id. Thus, there is no agency relationship that could serve as the basis for any liability by the City, as principal, for the actions of the Police Department.

Notwithstanding the absence of an agency relationship, Plaintiff has stated sufficient facts for the City's liability independent of the liability, if any, of the Police Department. A municipality may be held liable "for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom." Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978)); accord, Copeland v. Locke, ___ F.3d ___, 2010 WL 2977399, at *5 (8th Cir. July 30, 2010). Insofar as Plaintiff's complaint refers to a custom or policy of the Police Department, Plaintiff has failed to state a claim upon which relief can be granted. Paragraph 17 of Plaintiff's complaint, however, appears to assert a claim with respect to a custom or policy of the City. To the extent that Plaintiff's complaint asserts a custom or policy of the City as the basis for liability, the City's motion must be denied at this stage.

Defendant does not directly address Plaintiff's argument that he was not afforded a pre-deprivation hearing or a prompt post-deprivation hearing in its motion to dismiss, but does

assert that because Plaintiff is presently in possession of his vehicle, any allegation that he has suffered a constitutional deprivation is now moot. Defendant cites no cases in support of this contention. Caselaw indicates, however, that a delay in conducting a post-deprivation hearing can constitute a constitutional violation. Jones v. City of Modesto, 408 F. Supp. 2d 935, 954 (E.D. Cal. 2005)(citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 547 (1985)). Thus, because Plaintiff asserts in his complaint that he was not provided a timely post-deprivation hearing, the City's argument as to mootness is without merit at this time.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part. [Doc. #5]

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of August, 2010.